# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PAUL JUDGE,

                      Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                      Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 14-1113V

Special Master Christian J. Moran

Filed: October 6, 2015

Attorneys' fees and costs; award in the amount to which respondent does not object.

Mindy M. Roth, Britcher, Leone & Roth, LLC, Glen Rock, NJ, for Petitioner[1];
Camille M. Collette, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[2]

Petitioner, Paul Judge, filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter on September 30, 2015. Previously, Mr. Judge informally submitted a draft application for attorneys' fees and costs to respondent for review. Upon review of petitioner's application, respondent raised objections to certain items. Based on subsequent discussions, petitioner amended his application to request $12,442.62, an amount to which respondent does not object. The Court awards this amount.

Mr. Judge filed for compensation on November 14, 2014, alleging that he was injured by the hepatitis A, hepatitis B, DTaP, and typhoid vaccines he received on June 8, 2012. On September 17, 2015, the undersigned issued a 15-week order

---

[1] From October 2012 to the present, Ms. Roth has represented Mr. Judge. The Court of Federal Claims recently appointed Ms. Roth as special master in the Office of Special Masters. After Ms. Roth begins her term as a special master, she will not represent Mr. Judge.

[2] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

that should, in the expected course, lead to a decision in which Mr. Judge will receive compensation.

Even though compensation has not been decided formally, a petitioner who brings his petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1). Here, the anticipation of a decision pursuant to a 15-week order evidences these criteria. In addition, respondent does not contend that petitioner failed to satisfy these criteria.

Petitioner seeks a total of **$11,137.50** in attorneys' fees and **$1,305.12** in attorneys' costs for her counsel. In compliance with General Order No. 9, petitioner's counsel herein attests that petitioner incurred no out-of-pocket costs. Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

**A lump sum of $12,442.62, in the form of a check made payable to petitioner and petitioner's attorney, Mindy M. Roth, of the law firm Britcher, Leone & Roth, LLC, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

The Court thanks the parties for their cooperative efforts in resolving this matter. The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

2